UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN K. BORDEN, ) | |
| AIS No. 282077, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-435-WHA-SMD |
| ) | |
| COMMISSIONER JOHN HAMM, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility, filed this *pro se* 42 U.S.C. § 1983 action on July 27, 2022. Plaintiff filed an affidavit in support of a Motion for Leave to Proceed In Forma Pauperis. Doc. 2. The motion, however, did not include the required documentation from the inmate account clerk. The Court, therefore, did not have the information necessary to determine whether Plaintiff should be allowed to proceed in forma pauperis in this case and entered an Order on July 29, 2022, requiring Plaintiff to provide the Court with this information by August 12, 2022. Doc. 3. Plaintiff filed a response to the July 29, 2022, Order on August 15, 2022 (Doc. 4) but because Plaintiff's response did not contain the correct documentation regarding his inmate account, the Court granted Plaintiff an extension to September 13, 2022, to submit the requested information. Doc. 7. The Court informed Plaintiff that his failure to comply with the August 30, 2022, Order would result in a Recommendation this case be dismissed. Doc.

7 at 1–2. To date, Plaintiff has not filed the proper documentation or otherwise complied with the August 30, 2022, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that by **November 28, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 10th day of November, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE